ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| OSVALDO WALKER ISAAC<br>RECURRENTE<br><br>V.<br><br>DEPARTAMENTO DE<br>CORRECCIÓN Y<br>REHABILITACIÓN<br>RECURRIDO | KLRA202300502 | Solicitud de Revisión Administrativa procedente del Departamento de Corrección y Rehabilitación<br><br>Núm. 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 |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de noviembre de 2023.

Comparece ante nosotros, por derecho propio, el señor Osvaldo Walker Isaac (Sr. Walker Isaac o recurrente). Solicita que dejemos sin efecto la *Resolución*[1] que emitió el Departamento de Corrección y Rehabilitación (DCR) en la cual declaró con lugar la *Querella Disciplinaria*[2] instada en su contra, por alegadas violaciones al *Reglamento para establecer el procedimiento disciplinario de la población correccional*, Reglamento Núm. 9221.

Por los fundamentos que exponemos a continuación, confirmamos el dictamen recurrido.

**I.**

El DCR incoó la querella de epígrafe en contra del Sr. Walker Isaac en la cual le imputaron infringir la Regla 16 del Reglamento Núm. 9221, particularmente el Código 217 (estar ausente de registro o interferir con el registro) y el Código 233 (desobedecer una orden directa). Surge de la querella que, el 21 de junio de 2023, el Sr.

---

[1] Apéndice, pág. 17.
[2] Apéndice, pág. 12.

Número Identificador

SEN2023_____

Walker Isaac interfirió con un registro a su persona o "cacheo" y desobedeció una orden directa de un oficial del DCR, con lo cual infringió los Códigos 217 y 233 del Reglamento Núm. 9221.

Iniciado el procedimiento investigativo, el Sr. Walker Isaac no declaró durante la vista administrativa disciplinaria.[3] Obsérvese que, tal cual lo autoriza la Regla 12(6) del Reglamento Núm. 9221, el recurrente proveyó las declaraciones escritas de tres miembros de la población correccional,[4] con sus versiones sobre lo acontecido durante el incidente que dio curso a la querella de epígrafe. Todos relataron que, el día de los hechos, no hubo ningún altercado ni resistencia por parte del recurrente al momento de su registro. Cabe destacar que, otro confinado, José M. Hernández González añadió en su declaración que el Oficial Querellante, Luis Vélez Flores, solicitó al recurrente, de manera hostil, que le enseñara lo que llevaba en su mano a lo cual el Sr. Walker Isaac ripostó que era un encendedor y ante su negativa a entregárselo lo llevaron a la "celda seca".

Cabe puntualizar que, obra en el expediente una declaración escrita del recurrente en la cual hizo constar que "[…] cuando estoy entrando en la cancha, me pregunta qu[é] tengo en la mano y yo le digo un laigther [sic] y sigo hacia la cancha. Al estar en la cancha el Sargento Castro le indica al oficial, que me lleve al área de admisiones donde permanecí por un espacio de tiempo aproximado de 1 hora en celda seca […]"[5]

Finalizado el proceso investigativo, el DCR entregó al recurrente el *Reporte de Cargos,*[6] del cual surge los actos prohibidos imputados y la citación para una vista administrativa disciplinaria,

---

[3] Apéndice, del *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación* que presentó la Oficina del Procurador General de Puerto Rico en representación del DCR. Cabe puntualizar que, el referido apéndice no consta enumerado por lo cual estamos impedidos de identificar los anejos con número de página.

[4] Obran en el expediente las declaraciones de Mario Durán Hernández, José Meléndez Sánchez y José M. Hernández González. Véase, Apéndice, del *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación* del DCR.

[5] Apéndice de la *Revisión Judicial,* pág. 15.

[6] Apéndice de la *Revisión Judicial,* pág. 13.

a celebrarse el 4 de agosto de 2023.[7] Evaluada la prueba, la Oficial Examinadora emitió el dictamen impugnado, mediante el cual, determinó que el Sr. Walker Isaac infringió los Códigos 217 y 233 del Reglamento Núm. 9221. A esos efectos, le suspendió los privilegios de visita y comisaría durante treinta (30) días.

Inconforme, el recurrente instó un petitorio de reconsideración.[8] Allí, argumentó que la querella instada en su contra es frívola. Fundamentó lo anterior en que, no pudo estar presente durante el registro de su área de vivienda -como lo exige el Código 217- debido a que el Sargento Castro lo ubicó en la "celda seca" mientras ocurría el referido registro. De otra parte, negó haber infringido el Código 233, en la medida en que, no resistió el registro o "cacheo". Sobre este tema, aseguró que lo antes se desprende de las declaraciones de los tres miembros de la población correccional que proveyó, las cuales presuntamente el DCR no consideró. Nótese que, admitió haber tenido un encendedor en la mano.

En respuesta al petitorio de reconsideración, el DCR emitió una *Resolución*[9], notificada el 6 de septiembre de 2023, mediante la cual se negó a reconsiderar y se reafirmó en la sanción previamente impuesta. Insatisfecho, el recurrente acude ante esta Curia en revisión judicial y señala la comisión de cinco errores, a saber:

> Err[ó] la evaluadora Madeline Morales Santiago al declarar incurso a este recurrente por violación al [Có]digo 217 del Reglamento Disciplinario esto pese a que este no estuvo en el registro debido a que por orden del Sargento Castro estaba en celda seca ubicado.
>
> Err[ó] la evaluadora esto por no permitir que este recurrente presentara los testigos a su favor como estipula el reglamento disciplinario.
>
> Err[ó] la evaluadora al declarar incurso a este recurrente por violación al [Có]digo 233 desobedecer una orden directa esto debido a que esté [sic] fue cacheado por el oficial Luis V[é]lez Flores. (Cita omitida.) Err[ó] la evaluadora al no desestimar la querella presentada esto debido a que la oficial investigadora cual tiene el deber de asistir al mpc, no lo realiz[ó] de la manera id[ó]nea y no present[ó] la evidencia que lo exculpaba.

---

[7] Apéndice de la *Revisión Judicial*, pág. 14.
[8] Apéndice de la *Revisión Judicial*, págs. 20-22.
[9] Apéndice de la *Revisión Judicial*, pág. 24.

Err[ó] la evaluadora al no acoger la solicitud de reconsideración esto debido a que fue la misma persona que fungi[ó] como juez en la vista disciplinaria. (Cita omitida.)

En reacción a nuestra *Resolución,* notificada el 27 de septiembre de 2023, la Oficina del Procurador General de Puerto Rico comparece en representación del DCR, mediante un *Escrito en cumplimiento de Resolución y solicitud de desestimación.*[10] Con el beneficio de las posturas de ambas partes, resolvemos.

## II.

### A. La Revisión Judicial y la doctrina de deferencia judicial

La Sección 4.1 de la Ley Núm. 38-2017, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), 3 LPRA sec. 9671, dispone que las decisiones administrativas pueden ser revisadas por el Tribunal de Apelaciones. La finalidad de esta disposición es delimitar la discreción de los organismos administrativos para asegurar que estos ejerzan sus funciones conforme a la ley y de forma razonable. *Andrea Hernández Feliciano v. Municipio de Quebradillas,* 2023 TSPR 6, resuelto el 20 de enero de 2023. Es norma reiterada que, al revisar las determinaciones de los organismos administrativos, los tribunales apelativos le conceden gran consideración y deferencia, por la experiencia y el conocimiento especializado que estos poseen. *Íd.*

Por su parte, la Sección 4.5 de la LPAU, 3 LPRA sec. 9675, establece que los tribunales deben sostener las determinaciones de hechos de las agencias si están basadas en "evidencia sustancial que obra en el expediente administrativo". Como vemos, la norma anterior nunca ha pretendido ser absoluta. Por eso, el Tribunal Supremo ha resuelto con igual firmeza que, los tribunales no podemos imprimirle un sello de corrección, so pretexto de deferencia, a las determinaciones o interpretaciones administrativas

---

[10] El DCR interpeló la desestimación del recurso del Sr. Walker Isaac por este no haber cancelado el arancel de presentación, sin antes instar una solicitud para litigar en forma *pauperis.*

irrazonables, ilegales, o simplemente contrarias a derecho. *Super Asphalt v. AFI y otro*, 206 DPR 803 (2021); *Graciani Rodríguez v. Garage Isla Verde*, 202 DPR 117 (2019).

Por otro lado, la citada Sección 4.5 de la LPAU, *supra*, dispone que "[l]as conclusiones de derecho serán revisables en todos sus aspectos por el tribunal". Aun así, se sustituirá el criterio de la agencia cuando no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo. *Rolón Martínez v. Superintendente*, 201 DPR 26 (2018). Por ende, "los tribunales deben darle peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra". *Íd.* Lo anterior responde a la vasta experiencia y al conocimiento especializado que tienen las agencias sobre los asuntos que le son encomendados. *Capó Cruz v. Junta de Planificación,* 204 DPR 581 (2020).

Por consiguiente, dada la presunción de corrección y regularidad que reviste a las determinaciones de hecho elaboradas por las agencias administrativas, éstas deben ser respetadas mientras la parte que las impugna no produzca evidencia suficiente para derrotarlas. *Graciani Rodríguez v. Garage Isla Verde*, supra. Al revisar las decisiones de las agencias, el criterio rector que debe guiar a los tribunales es la razonabilidad de la actuación, aunque esta no tiene que ser la única o la más razonable. *Andrea Hernández Feliciano v. Municipio de Quebradillas,* supra.

Por lo tanto, si al momento de examinar un dictamen administrativo se determina que: (1) la decisión administrativa no está basada en evidencia sustancial; (2) la agencia erró en la aplicación de la ley; (3) el organismo administrativo actuó de manera irrazonable, arbitraria o ilegalmente; o (4) su actuación lesiona derechos constitucionales fundamentales, entonces la deferencia hacia los procedimientos administrativos cede. *Íd.*

Acorde con lo antes expuesto, la revisión judicial de los dictámenes administrativos está limitada a determinar si hay evidencia sustancial en el expediente para sostener la conclusión de

la agencia o si esta actuó de forma arbitraria, caprichosa o ilegal. *Íd.* Por tanto, si una parte afectada por un dictamen administrativo impugna las determinaciones de hecho, esta tiene la obligación de derrotar, con suficiente evidencia, que la decisión del ente administrativo no está justificada por una evaluación justa del peso de la prueba que tuvo ante su consideración. *Capó Cruz v. Junta de Planificación, supra; Rebollo v. Yiyi Motors,* 161 DPR 69, 77 (2004). De no identificarse y demostrarse esa otra prueba en el expediente administrativo, las determinaciones de hechos deben sostenerse por el tribunal revisor, pues el recurrente no ha logrado rebatir la presunción de corrección o legalidad. *O.E.G. v. Rodríguez,* 159 DPR 98, 118 (2003).

### B. Reglamento Núm. 9221

La Regla 4, inciso 18 del Reglamento Núm. 9221 define la función del Oficial Examinador y, en lo pertinente, le otorga facultad para evaluar las solicitudes de reconsideración de sus propias decisiones.

De otra parte, el inciso 6 de la Regla 25 del referido reglamento establece que "[c]ualquier declaración de testigos solicitada por el querellado será presentada al Oficial Examinador. Solo el Oficial Examinador puede determinar si un testigo debe comparecer a la vista administrativa. Si se permite la presencia de testigos a una vista administrativa, estos podrán ser sujetos a interrogatorio por el Oficial Examinador."

Con respecto a la presentación de testigos durante la vista administrativa, la Regla 31(3) dispone que, no es necesaria la comparecencia de testigos a la referida vista si su conocimiento sobre el incidente surge claramente de la querella disciplinaria, de documentos suplementarios o del informe del Oficial de Querellas. De otra parte, según el inciso 7 de la citada regla, la cantidad de declaraciones y testigos a declarar durante la vista está sujeta a la información que estos poseen y varía de caso en caso, conforme a las circunstancias particulares. Además, autoriza al Oficial

Examinador a excluir las declaraciones de testigos o a rehusarse a llamar a un testigo a declarar, si su testimonio es impertinente, innecesario o repetitivo.

**III.**

En su recurso, el Sr. Walker Isaac alega que, no pudo cumplir con el Código 217 y estar presente durante el registro de su área de vivienda debido a que, por órdenes del Sargento Castro, debía permanecer en una celda seca ante la sospecha de que él poseía contrabando, lo cual niega. Insiste en que, la Oficial Investigadora no realizó correctamente sus labores investigativas al no permitirle a sus tres testigos declarar durante la vista administrativa y al no aceptar el dibujo o croquis con el cual pretende ilustrar el área donde ocurrieron los hechos y la ubicación del recurrente, oficiales y testigos, entre otros. Con relación al Código 233, el recurrente rechaza haber ignorado la orden directa del Oficial Luis Vélez Flores, quien, a su entender, debió haber sido traído a declarar durante la vista por ser él quien intervino con el recurrente el día de los hechos. Por todo lo anterior, solicita que dejemos sin efecto el dictamen impugnado y que desestimemos la querella instada en su contra.

Por su parte, el DCR se opone a la solicitud del recurrente y, en síntesis, expone que la Oficial Examinadora tiene discreción para denegar la comparecencia de testigos cuando su testimonio consta en el expediente disciplinario. Asegura que, la Oficial de Querellas cumplió con las responsabilidades derivadas de un procedimiento disciplinario correccional. Añade que, disponer de los petitorios de reconsideración es inherente al rol adjudicativo de un oficial examinador. Finalmente arguye que, esta Curia no debe intervenir con la apreciación de la prueba que realizó la Oficial Examinadora en la medida en que sus determinaciones de hechos están sustentadas en prueba sustancial.

Al revisar sosegadamente el expediente presentado ante esta Curia, en conjunto con las disposiciones del Reglamento Núm. 9221

aplicables, concluimos que, ninguno de los errores que levantó el recurrente en su recurso se cometieron. Nos explicamos.

En el primer y tercer error, el recurrente cuestiona la apreciación de la prueba que realizó la Oficial Examinadora al hallarlo incurso en violaciones a los Códigos 217 y 233 del Reglamento Núm. 9221. Particularmente con respecto al Código 233 (desobedecer una orden directa de un empleado del DCR), reiteramos que, surge de la declaración de uno de los testigos del recurrente, José M. Hernández González, que el Sr. Walker Isaac se negó a entregar al Oficial Vélez el encendedor que llevaba en la mano. Ello, a todas luces, constituye una desobediencia a un oficial del DCR y representa una violación al Código 233 del Reglamento Núm. 9221. En cuanto al Código 217 (interferir con el registro), el recurrente en su declaración por escrito admitió haber continuado su rumbo dentro de la cancha luego de ser inquirido y de contestar al Oficial Vélez que llevaba en la mano un encendedor.[11] Al así actuar, infringió el Código 217. Es preciso aclarar que, la referida infracción no es por la ausencia del recurrente durante el registro de su área de vivienda sino por evadir el registro a su persona coetáneo con su aceptación de que portaba un encendedor en la mano.

Ante dos señalamientos de error que versan sobre la apreciación de la prueba que realizó la Oficial Examinadora es preciso señalar que, en ausencia de la reproducción de la prueba oral, y según las normas sobre deferencia judicial, esta Curia está obligada a tomar como ciertas todas las determinaciones de hechos realizadas por el foro administrativo por cuanto están sostenidas por evidencia sustancial. El DCR no incurrió en el primer y tercer error.

De otra parte, la Regla 25(6) del Reglamento Núm. 9221 concede a la Oficial Examinadora discreción para denegar la comparecencia de testigos durante la vista administrativa, sin que

---

[11] Apéndice de la *Revisión Judicial*, pág. 15.

ello automáticamente represente una violación al debido proceso de ley del recurrente. Surge del expediente que, durante la etapa investigativa y, a tenor de la Regla 12(6) del Reglamento Núm. 9221, el recurrente pudo presentar las declaraciones escritas de tres miembros de la población correccional, quienes proveyeron sus versiones sobre el incidente que dio curso a la querella de epígrafe. Tal cual dispone la Regla 31(3) del referido reglamento, si el conocimiento de dichos testigos sobre el incidente surge con claridad de sus declaraciones escritas, la Oficial Examinadora no está obligada a también requerir su comparecencia durante la vista ante sí. En virtud de lo antes discutido, resolvemos que el segundo error no se cometió.

En lo que concierne al cuarto error, la Oficial de Querellas cumplió con su deber de apercibir al Sr. Walker Isaac sobre sus derechos y al rendir un informe luego de recopilar y documentar los testimonios a favor y en contra del recurrente. En particular, obran en el expediente las declaraciones escritas de los oficiales José Mercado Almodóvar y Luis Vélez Flores; las declaraciones escritas de los tres miembros de la población correccional y la declaración escrita del propio Sr. Walker Isaac. Sobre tales bases decretamos que no se configuró el referido error. De igual manera, concluimos que el quinto error no se cometió debido a que el Reglamento Núm. 9221 -en su Regla 4(18)- faculta a la Oficial Examinadora a evaluar y disponer sobre la solicitud de reconsideración de sus propios dictámenes.

En vista de lo anterior, colegimos que, el recurrente no nos ha puesto en posición para revertir la determinación administrativa impugnada.

**IV.**

Por los fundamentos expuestos, se confirma la *Resolución* recurrida.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones